IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02074-GPG

LUKE IRVIN CHRISCO, Secured Party, individually and on behalf of all persons similarly situated,

      Plaintiff,

v.

RICHARD F. RAEMISCH, Executive Dir. of the CDOC,

      Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Luke Irvin Chrisco, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). Mr. Chrisco has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. The court must construe the Prisoner Complaint liberally because Mr. Chrisco is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Chrisco asserts one claim for relief contending the DOC's indigency policy is unreasonable and should be enjoined. However, he does not include in the Prisoner Complaint any factual allegations in support of this claim. Instead, he incorporates by reference various paragraphs set forth in a separate Motion for Injunctive Relief (ECF No. 6) also filed in this action. Mr. Chrisco alleges in the Motion for Injunctive Relief that DOC inmates who should be deemed indigent but are not because the DOC policy is too

restrictive cannot afford to purchase hygiene supplies, food, and medical necessities in addition to pursuing litigation activities.   He apparently also contends that the DOC indigency policy does not provide sufficient legal supplies and postage for inmates who are deemed indigent.

Mr. Chrisco will be ordered to file an amended complaint if he wishes to pursue his claim in this action.   In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Mr. Chrisco must present his claim clearly and concisely in one document that allows the court and Defendant to know what claim is being asserted and to be able to respond to that claim.   Therefore, Mr. Chrisco must include all of his factual allegations in support of his claim in one pleading on the required Prisoner Complaint form and he may not incorporate by reference factual allegations set forth in a separately-filed motion.

Mr. Chrisco is advised that, in order to assert a cognizable claim, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."   *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d

881, 883 (10th Cir. 1957).   Legal argument is not necessary or appropriate.

Finally, Mr. Chrisco also has filed a Motion for Class Certification (ECF No. 11) and a document titled "Renewed Motions" (ECF No. 9) in which he seeks to renew his prior Motion for Copying and Service of Pleadings and For Waive of Copying and Service Fees (ECF No. 4) and Motion for Appointment of Class Counsel and Declaration in Support (ECF No. 5).   The Motion for Class Certification will be denied because a *pro se* litigant may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and is not an adequate class representative for a putative class action.   *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).   The document titled "Renewed Motions" will be denied for the same reasons the court previously denied the motions Mr. Chrisco seeks to renew:   the Motion for Copying and Service of Pleadings and For Waiver of Copying and Service Fees is moot and the Motion for Appointment of Class Counsel and Declaration in Support is premature because no class has been certified. Accordingly, it is

ORDERED that Mr. Chrisco file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Chrisco shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Chrisco fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.   It is

FURTHER ORDERED that the Motion for Class Certification (ECF No. 11) and the document titled "Renewed Motions" (ECF No. 9) are denied.

DATED October 28, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge